IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>TROY CABIBI,<br><br>           Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR COMPASSIONATE RELEASE AND GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**<br><br>Case No. 2:10-cr-01024-DN<br><br>District Judge David Nuffer |

    Defendant Troy Cabibi seeks compassionate release or a reduced sentence ("Motion") based on the conditions caused by the COVID-19 pandemic, his family circumstances, and because he was not given time credit or concurrent sentencing for a state court sentence.[1] The government and the United States Probation Office oppose Mr. Cabibi's Motion.[2]

    Because Mr. Cabibi fails to demonstrate extraordinary and compelling reasons to warrant his immediate release and the relevant factors of 18 U.S.C. § 3553(a) do not support granting him immediate release, his Motion[3] is DENIED in part. However, Mr. Cabibi was not given credit for his time in custody from his initial appearance through his sentencing in this case. Such credit was recommended by the government and intended to be accounted for when Mr. Cabibi's

---

[1] Motion for Compassionate Release ("Motion"), docket no. 101, filed Mar. 25, 2021.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 104, filed Apr. 26, 2021; First Step Act Relief Recommendation ("Recommendation"), docket no. 106-4, filed under seal Apr. 26, 2021.

[3] Docket no. 101, filed Mar. 25, 2021.

sentence was amended. These circumstances warrant a proportionate reduction of Mr. Cabibi's sentence for such time. Therefore, Mr. Cabibi's Motion[4] is GRANTED in part.

Additionally, pursuant to General Order 20-019, Assistant Federal Defender Tessa M. Hansen was added as counsel for Mr. Cabibi for purposes of his Motion. Ms. Hansen subsequently filed a Motion to Withdraw as Counsel.[5] Because Mr. Cabibi's Motion is now determined, Ms. Hansen's Motion to Withdraw as Counsel is GRANTED.

## DISCUSSION

### Mr. Cabibi's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[6] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[7]

Mr. Cabibi submitted a request for relief under the First Step Act to the warden at FCI Pollock, which the warden denied on January 27, 2021.[8] He filed his Motion approximately two months later on March 25, 2021.[9] Therefore, Mr. Cabibi's Motion is procedurally proper, and its merits may be addressed.[10]

---

[4] *Id*.

[5] Docket no. 103, filed Apr. 2, 2021.

[6] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[7] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[8] Motion at 2; Request for Compassionate Release/Reduction in Sentence, docket no. 101-1, filed Mar. 25, 2021.

[9] Motion.

[10] 18 U.S.C. § 3582(c)(1)(A).

## Mr. Cabibi is not entitled to immediate release but is entitled to a reduction in his sentence

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release or a reduced sentence may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[11]

### Mr. Cabibi fails to demonstrate extraordinary and compelling reasons to warrant his immediate release, but his circumstances warrant a reduction in his sentence

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[12] However, this discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[13]

Mr. Cabibi argues that extraordinary and compelling reasons warrant compassionate release or a reduced sentence based on the conditions caused by the COVID-19 pandemic, his family circumstances, and because he was not given time credit or concurrent sentencing for a state court sentence.[14] Whether considered individually or collectively, Mr. Cabibi's circumstances do not constitute extraordinary and compelling reasons to warrant his immediate release. However, the circumstances that led to Mr. Cabibi not receiving credit for his time in

---

[11] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[12] *Id*. at 832.

[13] *Id*. The USSC has defined "extraordinary and compelling reasons" to include serious medical conditions, the defendant's age, and certain family circumstances. U.S.S.G. 1B1.13. However, this policy statement is not applicable to Mr. Cabibi's Motion. *Maumau*, 993 F.3d at 837.

[14] Motion at 4-8.

custody from his initial appearance through his sentencing in this case warrant a reduction in his sentence.

Mr. Cabibi is 40 years old and suffers from a heart arrythmia, gastro-esophageal reflux disease with esophagitis, and high blood pressure.[15] His BOP Medical Records reflect that he regularly and consistently receives treatment and medication for his conditions.[16] And Mr. Cabibi does not assert that his health conditions rise to the level of imminent death or that they prevent him from performing self-care while incarcerated. On this record, Mr. Cabibi's health does not constitute an extraordinary and compelling reason to warrant his immediate release or a reduction of sentence.

Mr. Cabibi also argues that the conditions caused by the COVID-19 pandemic warrant relief.[17] Specifically, Mr. Cabibi asserts that he is at high-risk of suffering serious complications or death if he contracts COVID-19, and that the modified operations at FCI Pollock (*i.e.*, reduced outside recreation time and suspended rehabilitation programing) have negatively impacted his physical and mental well-being.[18] Mr. Cabibi's heart condition does place him in the high-risk category of suffering serious complications or death if he contracts COVID-19.[19] However, approximately two month prior to filing his Motion, Mr. Cabibi contracted COVID-19.[20] His symptoms progressed to having cough, shortness of breath, fatigue, body aches, and other

---

[15] First Step Act Relief Eligibility Report at 2, docket no. 106, filed under seal Apr. 26, 2021; BOP Medical Records, docket no. 106-2, filed under seal Apr. 26, 2021. Mr. Cabibi also asserts that he suffers from nonrheumatic aortic, mitral, and tricuspid valve disorder and shortness of breath. Reply at 2, docket no. 108, filed May 28, 2021. These additional conditions do not change that Mr. Cabibi fails to demonstrate extraordinary and compelling reasons to warrant compassionate release.

[16] BOP Medical Records.

[17] Motion at 5-12.

[18] Motion at 4-6.

[19] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 30, 2021).

[20] Motion at 5; Report ¶ 10 at 4.

symptoms.[21] But he fully recovered and has now received both doses of the Pfizer COVID-19 vaccine.[22]

Current CDC guidance states that COVID-19 vaccines are effective at protecting individuals from getting sick, and that fully vaccinated individuals can resume activities without wearing a mask or social distancing.[23] There is also only the potential that Mr. Cabibi may contract COVID-19 again despite being fully vaccinated. This potential exists whether Mr. Cabibi remains in custody or is granted compassionate release.

It is unfortunate that the COVID-19 pandemic has caused the BOP to institute modified operating procedures that limit outside recreation and rehabilitation programming for inmates.[24] But these conditions are present for all federal inmates. And Mr. Cabibi has not presented sufficient evidence or argument suggesting that the modified operating procedures have had a particularly negative impact on his physical and mental well-being. Regardless, the modified operating procedures are temporary. Just as cities and states have begun lifting social distancing and mask requirements, so too will the BOP lift the restrictions put in place by its modified operating procedures. On this record, the conditions caused by the COVID-19 pandemic do not constitute an extraordinary and compelling reason to warrant Mr. Cabibi's immediate release or a reduction of his sentence.

Mr. Cabibi next argues that his family circumstances warrant compassionate release or a reduction of his sentence. Mr. Cabibi asserts that the mother of his 10-year-old daughter was

---

[21] Report ¶ 10 at 4; BOP Medical Records.

[22] Report ¶ 10 at 4; BOP Medical Records.

[23] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited June 23, 2021).

[24] https://www.bop.gov/coronavirus/ (last visited June 23, 2021).

hospitalized due to COVID-19, leaving his daughter without anyone to care for her.[25] However, Mr. Cabibi provides no evidence to substantiate this assertion, and he proposes no plan for residence, employment, or how he would care for his daughter if he were granted relief. On this record, Mr. Cabibi's family circumstances do not constitute an extraordinary and compelling reason to warrant compassionate release or a reduction of sentence. This issue also appears to be moot based on the assertion in Mr. Cabibi's Reply that "the mother of his daughter *had been* hospitalized due to COVID-19."[26]

Finally, Mr. Cabibi argues that extraordinary and compelling circumstances exist because he was not given time credit or concurrent sentencing for a state court sentence.[27] Mr. Cabibi asserts that had he given the time credit or concurrent sentencing, he would have already served the 10-year minimum mandatory for his convictions in this case.[28] And he argues that his rehabilitative efforts during his incarceration justify his immediate release or a reduced sentence.[29]

Mr. Cabibi pleaded guilty to one count of Assault on a Federal Officer, one count of Discharging a Firearm During a Crime of Violence, and one count of Possession of a Firearm by a Convicted Felon.[30] The offense conduct stemmed from members of a Joint Criminal Apprehension Team attempting to apprehend Mr. Cabibi on a parole violation warrant at his apartment.[31] During the encounter, Mr. Cabibi shot and seriously wounded an officer on the

---

[25] Motion at 6; Reply at 3.

[26] Reply at 3.

[27] *Id*. at 3-5; Motion at 6-8.

[28] Motion at 6-8; Reply at 3-5.

[29] Motion at 6-8; Reply at 3-5.

[30] Amended Judgment in a Criminal Case ("Judgment") at 1, docket no. 96, filed May 17, 2013.

[31] Presentence Investigation Report ¶¶ 7-19 at 2-4, docket no. 105-3, filed under seal Apr. 26, 2021.

apprehension team.[32] And at the time, Mr. Cabibi was on parole for a manslaughter conviction.[33] In pleading guilty, Mr. Cabibi agreed to a 240-month term of incarceration in exchange for the dismissal of other charges.[34] He was sentenced to terms of incarceration consistent with his plea agreement and a 60-month term of supervised release.[35] As of the filing of his Motion, Mr. Cabibi has served approximately 59 months (~25%) of his 240-month prison sentence.[36] He has a projected release date of September 5, 2033.[37]

The serious nature of Mr. Cabibi's offenses and his stipulation that a 240-month prison sentence was reasonable do not support a finding of extraordinary and compelling reasons to warrant immediate release or a reduction of his sentence. Additionally, when Mr. Cabibi was sentenced, the state sentence for which he seeks a time credit and concurrent sentencing had not yet been imposed. Authority was lacking to calculate a time credit at that time,[38] and "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[39] The record is silent regarding concurrent sentencing for Mr. Cabibi.[40]

---

[32] *Id*.

[33] *Id*.; Recommendation.

[34] Statement by Defendant in Advance of Plea of Guilty Pursuant to Fed. R. Civ. P. 11(c)(1)(C) ¶ 12.C at 5-6, docket no. 77, filed July 3, 2012.

[35] Judgment at 2-3.

[36] Report ¶ 3 at 3.

[37] *Id*.

[38] *United States v. Gardner*, 601 Fed. App'x 717, 721 (10th Cir. 2015) (citing *United States v. Wilson*, 503 U.S. 329, 333-335 (1992)).

[39] 18 U.S.C. § 3584(a).

[40] Sentencing Hearing Transcript, docket no. 94-2, filed May 2, 2013.

Mr. Cabibi has held work assignments as an orderly and in the laundry while incarcerated.[41] He has also completed classes in parenting, wellness, healthy lifestyles, drug education.[42] This is commendable. However, Mr. Cabibi has also had disciplinary infractions for "giving/accepting money without authorization," "phone abuse," possessing a dangerous weapon," and "introduction of drugs or alcohol."[43] These infractions greatly counter Mr. Cabibi's assertions regarding his rehabilitation. On this record, Mr. Cabibi has not demonstrated that not receiving time credit or concurrent sentencing for his state court sentence constitute extraordinary and compelling reasons to warrant his immediate release or a reduced sentence.

Nevertheless, other circumstances do constitute extraordinary and compelling reasons to warrant a proportionate reduction in Mr. Cabibi's sentence. On May 2, 2013, the government filed a motion seeking clarification of Mr. Cabibi's sentence.[44] The government indicated that it had received a letter from Mr. Cabibi requesting credit for the time he spent in federal custody prior to his sentencing.[45] And the government affirmatively recommended that Mr. Cabibi receive credit "for any time he served in federal custody prior to the imposition of his sentence on October 1, 2012."[46] The government's Motion to Clarify was granted.[47] And an amended judgment entered on May 17, 2013, which imposed a 240-month term of incarceration "with credit for time served from time in custody prior to sentencing."[48]

---

[41] Report ¶ 15 at 5.

[42] *Id*.

[43] *Id*. ¶ 16 at 5.

[44] Motion to Clarify Credit for Time Served and Government Position Re: Consecutive or Concurrent Sentence ("Motion to Clarify"), docket no. 94, filed May 2, 2013.

[45] *Id*. at 1, Letter from Defendant, docket no. 94-1, filed May 2, 2013.

[46] Motion to Clarify at 2.

[47] Docket Text Order, docket no. 95, filed May 16, 2013.

[48] Judgment at 2.

The intent behind the amended language in the Judgment was to reduce Mr. Cabibi's 240-term of incarceration by the amount of time he was in custody from his initial appearance through his sentencing. However, because the BOP has the authority to calculate such time credits (not the district court),[49] the amended language did not have its intended effect. These circumstances constitute extraordinary and compelling reasons to warrant a reduction in Mr. Cabibi's sentence to account for what was intended.

Mr. Cabibi's initial appearance in this case was held on December 20, 2010.[50] At the initial appearance, Mr. Cabibi elected to remain in federal custody, and he was detained and remanded to the United States Marshal's Service ("USMS") pending resolution of the case.[51] Mr. Cabibi then remained in the custody of the USMS through his sentencing on September 28, 2012.[52] Therefore, consistent with the government's recommendation[53] and the intent of the amended language in the Judgment,[54] Mr. Cabibi's 240-month term of incarceration will be reduced by 21 months and 8 days (*i.e.*, the amount of time between his December 20, 2010 initial appearance and his September 28, 2012 sentencing). His properly calculated sentence is 218 months and 23 days.

**The relevant factor of 18 U.S.C. § 3553(a) do not support granting Mr. Cabibi immediate release, but are not prohibitive of the reduction in his sentence**

Even if Mr. Cabibi's had demonstrated extraordinary and compelling reasons to warrant his immediate release, the serious nature of Mr. Cabibi's convictions, his extensive criminal

---

[49] *Gardner*, 601 Fed. App'x at 721 (citing *Wilson*, 503 U.S. at 333-335).

[50] Minute Entry for Proceedings Held Before Magistrate Judge Paul M. Warner, docket no. 8, filed Dec. 20, 2010.

[51] *Id*.

[52] Minute Entry for Proceedings Held Before District Judge David Nuffer, docket no. 81, filed Sept. 28, 2012.

[53] Motion to Clarify at 2.

[54] Judgment at 2.

history, the appropriateness of his stipulated sentence, and the need to protect the public from further crimes weigh heavily against granting immediate release. And on balance, the relevant factors of 18 U.S.C. § 3553(a), do not support granting Mr. Cabibi immediate release. However, the balance of the relevant factors is not prohibitive of Mr. Cabibi receiving a proportionate reduction of his sentence for his time in custody from his initial appearance through his sentencing in this case. This is particularly true given the government's recommendation that he receive credit for this time against his sentence and that such a reduction was intended when his sentence was amended.[55]

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Mr. Cabibi's Motion[56] is DENIED in part as to his request for immediate release. However, Mr. Cabibi's Motion[57] is GRANTED in part as to his request for a reduction in his sentence. Mr. Cabibi's 240-month term of incarceration is reduced by 21 months and 8 days to account for his time in custody from his initial appearance through his sentencing in this case. His properly calculated sentence is 218 months and 23 days.

---

[55] Motion to Clarify at 2; Judgment at 2.
[56] Docket no. 101, filed Mar. 25, 2021.
[57] *Id.*

IT IS FURTHER ORDERED that Ms. Hansen's Motion to Withdraw as Counsel[58] is GRANTED. Assistant Federal Defender Tessa M. Hansen is withdrawn as counsel for Mr. Cabibi.

Signed October 5, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[58] Docket no. 103, filed Apr. 2, 2021.